

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § Criminal Action No. 1:16-1-MGL-1 |
| | § |
| MACKIE JAMES WALKER JR., | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

### I.     INTRODUCTION

Pending before the Court is Defendant Mackie James Walker Jr.'s (Walker) motion for compassionate release. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

### II.     FACTUAL AND PROCEDURAL HISTORY

Walker pled guilty to conspiracy to possess with intent to distribute and to distribute oxycodone, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).

At sentencing, Walker received a total offense level of thirty-seven and a criminal history category of I. Together, this meant his Guideline range was 210 to 240 months of imprisonment. The Court, however, granted Walker a variance and sentenced him to 188 months, followed by three years of supervised release. He has a projected release date of August 21, 2029.

Walker recently filed this motion for compassionate release. The government responded, and Walker replied. Having been fully briefed on the relevant issues, the Court will now adjudicate the motion.

### III. STANDARD OF REVIEW

After a defendant has exhausted his administrative remedies, "[a] district court analyzes [his] compassionate release motion in two steps." *United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024).

"First, the [C]ourt must determine [if the defendant] is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) (citing *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022)). In doing so, the Court considers whether the extraordinary and compelling reasons set forth by the defendant are "consistent with applicable policy statements issued by the [United States] Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The relevant policy statement identifies six circumstances that, individually or in combination, may provide extraordinary and compelling reasons for a sentence reduction: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related thereto; (3) the defendant's family circumstances; (4) the fact the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer; (5) the presence of "any other circumstance or combination of circumstances . . . similar in gravity to" the circumstances enumerated in paragraphs (1) through (4); and (6) in certain scenarios, where the defendant has received an unusually long sentence. U.S. Sent'g Guidelines Manual (U.S.S.G.) § 1B1.13(b) (U.S. Sent'g Comm'n 2024).

"Second, the [C]ourt [must] consider[] whether the 18 U.S.C. § 3553(a) [(Section 3553(a))] sentencing factors support relief." *Moody*, 115 F.4th at 310 (citing *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023)). "District courts 'enjoy broad discretion' in evaluating the [Section] 3553(a) factors when deciding a motion for compassionate release." *Id.* (quoting *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022)).

## IV.  DISCUSSION AND ANALYSIS

As an initial matter, Walker has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court will thus proceed to consider the merits of his motion.

### A.     *Whether Walker presents extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i)*

Walker maintains he is entitled to a sentence reduction based exclusively on the policy statement's catch-all category.

As the Court explained above, in addition to the enumerated extraordinary and compelling reasons, the policy statement contains a catch-all category. Under this category, extraordinary and compelling reasons exist where the defendant "presents any other circumstances or combination of circumstances . . . . similar in gravity to" those "described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

Walker asserts the following circumstances, in combination, satisfy the requisite threshold: (1) the disparity between his sentence and the sentences of similarly situated oxycodone trafficking defendants in the Fourth Circuit and (2) his serious medical conditions and delayed medical care.

The government, on the other hand, insists these factors are dissimilar in gravity to those described in paragraphs (1) through (4) of the policy statement. The government acknowledges sentencing disparity can be a basis for compassionate release under U.S.S.G. § 1B1.13(b)(5). *See United States v. Johnson*, 143 F.4th 212 (4th Cir. 2025) ("[I]t was well within the district court's discretion to find 'other reasons,' such as [the defendant]'s sentencing disparity, constituted an extraordinary and compelling factor that weighed in favor of granting relief."), *petition for cert. filed*, No. 25-551 (U.S. Nov. 6, 2025). But, the government notes Walker neither articulates how he is similarly situated to any of his codefendants nor addresses the enhancements he received due to the unique aspects of his offense conduct.

The Court agrees with the government *Johnson* is inapposite. *See Johnson*, 143 F.4th at 215–17 (affirming sentence reduction where defendant received two life sentences plus an additional 790 months of imprisonment and his codefendants, who pled guilty and testified against defendant, were released after serving only five and twenty years of their sentences).

Here, Walker's codefendants received sentences ranging from time served to 108 months. Although Walker's sentence is slightly higher than his codefendants, it accurately reflects his supervisory role in the conspiracy. Indeed, the entire enterprise hinged upon Walker's position as a licensed physician and his willingness to recruit others for the unlawful administration of oxycodone. Moreover, any purported imbalance between the sentences issued in this case is wholly distinguishable from the gross disparity in *Johnson*.

Walker posits his 188-month sentence is "double the average sentence and four to six times the median sentence for similarly situated defendants despite [his lack of] criminal history and no aggravating factors." Walker's Motion at 2. But, data indicates the average and median sentences imposed on defendants with the same primary Guideline, final offense level, and criminal history category as Walker is 141 and 143 months, respectively. *See Judiciary Sentencing INformation (JSIN)*, U.S. Sentencing Comm'n, https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last visited Nov. 24, 2025). And, such data fails to appreciate the unique circumstances present in this case.

Nor is the Court convinced Walker's medical conditions and alleged delay in medical care are "similar in gravity to" the circumstances "described in paragraphs (1) through (4)" of the policy statement. U.S.S.G. § 1B1.13(b)(5).

Walker states he suffers from the following serious medical conditions: hypertension, Type II diabetes, chronic obstructive pulmonary disease (COPD), non-muscle invasive bladder cancer, chronic urethral stricture, chronic urticaria, early peripheral arterial disease, bipedal edema with a history of phlebitis, elevated intraocular pressure, and hearing loss requiring the use of hearing aids. He also asserts he is at a twenty-seven percent increased risk for adverse cardiovascular events.

Walker's medical records, however, fail to indicate he has either Type II diabetes or early peripheral arterial disease. Though Walker is prediabetic and suffers from hypertension, COPD, urticaria, and hearing loss, he is prescribed medication and hearing aids for these conditions. And, as of 2025, his extremities were free of edema, and his intraocular pressure was well controlled.

As for Walker's bladder cancer and related symptoms, he has been in remission since April 2024. Though the Court is sympathetic to his diagnosis, it is unpersuaded he is unable to provide self-care within his facility or that his condition requires some long-term or specialized care his

5

facility is withholding. Indeed, Walker is able to self-catheterize weekly to prevent any recurring ureteral stricture, and he receives quarterly medical surveillance.

For all these reasons, the Court holds Walker has failed to demonstrate extraordinary and compelling reasons warranting compassionate release.

> **B.**     *Whether the Section 3553(a) factors weigh in favor of a sentence reduction*

Even if the Court determined extraordinary and compelling circumstances exist in this case, analysis of the Section 3553(a) factors would nevertheless preclude any reduction in Walker's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining the Court may grant compassionate release only "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable"). These factors include:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed—

   (A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B)     to afford adequate deterrence to criminal conduct;

   (C)     to protect the public from further crimes by the defendant;

   (D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the kinds of sentence and the sentencing range established for [the offense] . . . ;

(5)     any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Walker pled guilty to a serious offense. Law enforcement discovered Walker, a licensed physician, was recruiting others to submit themselves to false medical examinations and receive unwarranted oxycodone prescriptions in exchange for cash. Throughout the conspiracy, Walker illegally distributed the medication to myriad individuals, including a person with diminished mental capacity, and a staggering total of 1,197.85 grams of oxycodone was attributed to him.

Walker states he has founded Alcoholics Anonymous (AA) groups, received a certificate for completing over 100 hours of AA service, developed and taught adult continuing education classes, and served as a GED instructor while incarcerated. Though the Court is pleased with Walker's efforts and encourages him to continue them, he has done no more than the Court hopes of every defendant. *Cf.* 28 U.S.C. § 994(t) (explaining "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Additionally, as the Court stated above, Walker's sentence fails to create any unwarranted disparity among similarly situated defendants. This is especially true where Walker received enhancements for his aggravating role in the conspiracy, his abuse of his medical license and status as a physician, and his maintenance of a medical office for the purpose of distributing a controlled substance. And, notwithstanding a Guideline range of 210 to 240 months of imprisonment, the Court granted Walker a variance and sentenced him to only 188 months.

Accordingly, upon balancing the Section 3553(a) factors, the Court determines Walker is unentitled to a sentence reduction. His current sentence is sufficient but no longer than necessary to promote respect for the law, provide adequate deterrence, and reflect the seriousness of his offense, and it is a just punishment in this case.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Walker's motion for compassionate release, ECF No. 582, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 8th day of January 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE