IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| MACHIE JAMES WALKER, JR., | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.      1:22-4492-MGL |
| | § | CRIMINAL ACTION NO. 1:16-001-MGL |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**
**AND DENYING PETITIONER'S 28 U.S. § 2255 MOTION**

## I.      INTRODUCTION

Petitioner Mackie James Walker, Jr., (Walker), who is representing himself, brings this 28 U.S.C. § 2255 motion (the motion) against Respondent United States of America (the government).  He seeks to withdraw his guilty plea or, in the alternative, vacate his sentence.  The government has moved for summary judgment.

Having carefully considered the motions, the response, the record, and the applicable law, the Court will grant the government's motion for summary judgment and deny the motion.

## II.      FACTUAL AND PROCEDURAL HISTORY

A federal grand jury indicted Walker for conspiracy, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, to possess with intent to distribute, and to distribute, oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; use of a communication facility to facilitate the commission of a

conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 843(b); and two counts of knowingly, intentionally, and unlawfully distributing oxycodone while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

Thereafter, Walker, then represented by Jack Swerling and S. Harrison Saunders, IV, entered into a plea agreement with the government and waived his right to appeal:

> [Walker] represents to the [C]ourt . . . he has met with his attorneys on a sufficient number of occasions and for a sufficient period of time to discuss [his]'s case and receive advice; . . . [Walker] and his attorneys have discussed possible defenses, if any, to the charge in the indictment . . . ."
> [Walker] is aware . . . 18 U.S.C. § 3742 and 28 U.S.C § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, [Walker], in exchange for the concessions made by the [g]overnment in the Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, included any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence."

Plea Agreement ¶¶ 7–8.

Under the plea agreement, Walker, pled guilty to illegally conspiring to distribute oxycodone outside the usual course of his professional medical practice. The Court dismissed the remaining counts against Walker.

After entering into the plea agreement, Walker consulted a forensic psychiatrist who testified to Walker's alcoholism at sentencing. The Court sentenced Walker to 188 months in prison, followed by three years of supervised release. The Court entered final judgment on May 1, 2018.

Walker promptly filed an appeal on May 15, 2018, which the Fourth Circuit dismissed on February 27, 2019, holding Walker knowingly and voluntarily waived his right to appeal. It issued the mandate on March 21, 2019.

Walker delivered the motion to the prison mail room officials on December 8, 2022. Thus, as per the "prison mailbox rule," the motion is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding the pro-se prisoner "filed his [motion] within the requisite 30-day period when . . . he delivered the [motion] to prison authorities for forwarding to the District Court."). Walker filed the motion on December 8, 2022.

The government subsequently filed a motion for summary judgment, to which Walker responded. The Court, having been fully briefed on the relevant issues, will now adjudicate whether Walker's motion lacks merit, which entitles the government to summary judgment.

## III.    STANDARD OF REVIEW

### A.  Section 2255 generally

A prisoner in custody under sentence of a federal court may move the court which imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Four grounds exist upon which relief may be claimed under Section 2255(a): (1) where the sentence was imposed in violation of the Constitution or laws of the United States; (2) where the court was without jurisdiction to impose such sentence; (3) where the sentence was in excess of the maximum authorized by law, and (4) where the sentence is otherwise subject to collateral attack.

Nevertheless, all such claims are subject to a one-year statute of limitations. *Id.* § 2255(f). Under Section 2255(f), this one-year limitation runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the

United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

### B. Hearings are sometimes unnecessary

In the Section 2255 context, "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted) (internal quotation marks omitted). In other words, "[a] hearing is not required . . . if the record of the case conclusively shows . . . petitioner is entitled to no relief." *United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010).

As such, "[a]iry generalities, conclusory assertions and hearsay statements [do] not suffice to stave off summary judgment or entitle a habeas petitioner to an evidentiary hearing, because none of these would be admissible evidence at an evidentiary hearing." *United States v. Roane*, 378 F.3d 382, 400–01 (4th Cir. 2004) (citation omitted) (internal quotation marks omitted).

## IV. DISCUSSION AND ANALYSIS

Walker alleges two grounds for which he says he is entitled to relief. One, for his trial attorney's ineffective assistance of counsel, which resulted in Walker unknowingly, unintelligently, and involuntarily entering into his plea agreement. Another, for changes in substantive law under *Ruan v. United States*, 597 U.S. 450 (2022), which clarified the mens rea requirement for the offense to which Walker plead guilty. The government contends it is entitled to summary judgment

4

because Walker's ineffective assistance of counsel claim is time barred and his *Ruan* claim is procedurally defaulted. The Court will consider the parties' arguments below.

### A. Whether the motion is timely

The government maintains Walker's claim of ineffective assistance of counsel is time barred; Walker, however, insists he is entitled to equitable tolling. The Court will discuss the equitable tolling argument in the next section.

As explained by the Court above, the limitation period for filing Section 2255 motions begins to run at the latest of four specified events. Here, only two of the four events are applicable: "the date on which the judgment of conviction becomes final," and "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1), (3). The Court will analyze the second of these two events in subsection C. of the opinion.

The Fourth Circuit Court of Appeals issued the mandate on March 21, 2019. Because Walker failed to petition the Supreme Court for writ of certiorari, his judgment of conviction became final ninety days after the appellate court's judgment was entered. *Kemp v. United States*, 596 U.S. 528, 531 ("For someone who . . . does not petition [the Supreme] Court for certiorari, a judgment becomes final when the time to seek certiorari expires—ordinarily, 90 days after judgment.").

Accordingly, the one-year limitations period began to run on the date on which his judgment became final, June 19, 2019, which is ninety days after the Fourth Circuit issued its mandate. But, as the Court noted earlier, Walker waited until December 8, 2022, to file the motion.

Thus, the portion of the motion regarding his ineffective assistance of counsel claim is untimely under the one-year time bar set forth in Section 2255(f)(1) which looks to "the date on which the judgment of conviction becomes final[.]" *Id.*

### B. Whether Walker is entitled to equitable tolling

The government argues the doctrine of equitable tolling is inapplicable here. Walker, of course, disagrees. If he is entitled to equitable tolling, he can overcome the one-year bar discussed above.

Equitable tolling is available in the Section 2255 context. In fact, the Supreme Court, in *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89 (1990), stated, it had "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* at 96 (footnotes omitted). The Court, however, has "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id.*

Lacking here is any suggestion Walker "fil[ed] a defective pleading during the statutory period[ ] [or that he] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* Thus, the only question here is whether he "exercise[d] due diligence in preserving his legal rights." *Id.*

In arguing for equitable tolling, Walker cites to the alleged incompetence of his trial counsel. But, the Court is unable to fathom how an error by his trial counsel kept him from timely filing the motion with this Court.

He also states he sought the assistance of several others in filing the motion, some who appear to have perhaps given him some bad advice. But, from the record before the Court, it holds

Walker has failed to adequately demonstrate he exercised due diligence in preserving his legal rights in this case.  *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (rejecting the habeas petitioner's claim "equitable considerations justify tolling in his case because the missed [one-year] deadline was the result of an innocent misreading of the statutory provision by his counsel.").

Accordingly, Walker is disentitled to equitable tolling.

### C.  Whether Walker is entitled to relief under Ruan

In *Ruan*, the Supreme Court clarified the scienter provision under 21 U.S.C. § 841 and placed an additional burden on the government to prove beyond a reasonable doubt the doctor knowingly or intentionally issued a prescription outside the "usual course of his professional practice" or lacked a "legitimate medical purpose."  *Ruan*, 597 U.S. at 454, 468.

The decision in *Ruan* established a subjective standard for Section 841's scienter requirement.  *Ruan*, 597  U.S. at  468 ("[T]he Government must prove beyond a reasonable doubt . . . the defendant knowingly or intentionally acted in an unauthorized manner.").

The government recognizes *Ruan* overturned the Fourth Circuit's holding in *United States v. Hurwitz*, where that court embraced the objective reasonable-physician standard.  459 F.3d 463, 479 (4th Cir. 2006).  In other words, *Ruan* narrowed the class of persons which the law punishes to doctors who knowingly or intentionally acted without authorization.

As the Court stated before, Section 2255(f)(3) looks to "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]"  *Id.*

The Supreme Court decided *Ruan* on June 27, 2022. Again, Walker filed the motion on December 8, 2022, which is well within one year of the Supreme Court's ruling. Therefore, the motion is timely under Section 2255(f)(3) to consider his *Ruan* claim.

The government argues, although Walker's *Ruan* Section 2255 claims are timely, they are nevertheless procedurally defaulted. Walker, unsurprisingly, takes the opposite view.

Generally, the constitutionality of a guilty plea must first be challenged on direct review before it can be brought on collateral review. *Bousley v. United States*, 523 U.S. 614, 621 (1998). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Id*. (citation omitted) (internal quotation marks omitted). Because Walker failed to bring this constitutional claim on direct appeal, it is thus procedurally defaulted.

Nevertheless, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas . . . if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or . . . he is 'actually innocent.' " *Id.* at 622.

### 1. *Whether Walker has shown cause and prejudice*

Walker contends that he demonstrates cause "by solely relying on the controlling Fourth Circuit precedent that foreclosed the adopted Supreme court position in *Ruan*." Walker's Reply Mot. Summ. J. 4.

As the government mentions in its motion for summary judgment, the novelty of a constitutional claim can demonstrate a cause for procedural default, so long as counsel lacks any legal basis to reasonably bring such a claim. *Reed v. Ross*, 468 U.S. 1, 16 (1984). "A claim may be held sufficiently novel when, at the time of its default, the legal tools, *i.e.,* case law, necessary to conceive and argue the claim were not yet in existence and available to counsel." *Poyner v. Murray*, 964 F.2d 1401, 1424 (4th Cir. 1992).

8

Whether a claim is futile, however, is insufficient to constitute a proper cause for default purely because it is "unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623 (citation omitted) (internal quotation marks omitted).

As the Court stated above, *Ruan* created a subjective standard for Section 841's scienter requirement. *Ruan*, 597 U.S. at 468. This overturned the Fourth Circuit's holding in *Hurwitz*, which instead embraced the objective reasonable-physician standard. 459 F.3d at 479.

Until *Ruan*, however, there was a jurisdictional split between the application of a "subjective" or "objective" standard. *See United States v. Hussein*, 351 F.3d 9, 19 (1st Cir. 2003) (establishing a subjected standard). *Hussein* therefore provides Walker with the tools necessary to form a legal argument challenging Section 841's objective scienter requirement. Therefore, insomuch as there was a legal basis to reasonably bring such a claim, challenging the mens rea requirement is hardly novel.

Nevertheless, though these claims were available to Walker's counsel, neither his trial attorney nor appellate attorney were required to bring such claims. "[A]n attorney's failure to anticipate a new rule of law [is] not constitutionally deficient." *United States v. McNamara*, 74 F. 3d 514, 516 (4th Cir. 1996). "Attorneys can be selective and strategic without risking an ineffective assistance of counsel claim." *United States v. Mason*, 774 F.3d 824, 830 (4th Cir. 2014).

Accordingly, though Walker's counsel could have challenged the Fourth Circuit's objective standard prior to *Ruan*, they instead chose to follow Fourth Circuit precedent.

Consequently, Walker is unable to demonstrate "cause" for his procedural default. Because Walker fails to demonstrate cause, it is unnecessary for the Court to address whether he was prejudiced. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982) ("Since [the Court] conclude[s]

. . . respondents lacked cause for their default, [it] do[es] not consider whether they also suffered actual prejudice.").

### 2. Whether Walker is actually innocent

Alternatively, Walker contends "[t]he 'actual innocence' ground is satisfied by the Court-qualified expert testimony of Ms. Maddox supporting the conclusion Mr. Walker did not posses[s] the ability to meet the mens rea requirement of his convicted offenses." Walker Mot. Vacate 5.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass [if] the impediment is . . . expiration of the statute of limitations . . . . [T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court . . . , in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

A successful claim showing "constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup*, 513 U.S. 298, 324 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. And again, "a petitioner must show . . . it is more likely than not . . . no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327.

"[T]he *Schlup* standard is demanding. The gateway should open only when a petition presents 'evidence of innocence so strong . . . a court cannot have confidence in the outcome of the trial unless the court is also satisfied . . . the trial was free of [harmful] constitutional error.' " *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

As the court noted above, the testimony of Walker's witness, a forensic psychiatrist, was given at the sentencing hearing. The testimony provides evidence Walker's alcoholism may have impacted his judgment, but nothing in the testimony, however, shows Walker was unaware he prescribed oxycodone devoid of a legitimate medical purpose. *See* Walker Sentencing Hr'g 264:9–15 (when asked whether Walker's alcoholism impaired his judgment during the years at issue, the psychiatrist answered "[s]pecifically for each act, no. I'm not here to say . . . because of his alcohol use . . . he wrote these things."). As such, the evidence fails to suggest the government is unable to meet its burden of proving beyond a reasonable doubt Walker subjectively knew his prescriptions were unauthorized.

In sum, lacking here is any strong evidence of Walker's innocence; and the Court is convinced his " 'trial was free of [harmful] constitutional error.' " *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

Walker's remaining arguments are so meritless as to make discussion of them unnecessary.

## V.     CONCLUSION

In light of the foregoing discussion and analysis, the government's motion for summary judgment is **GRANTED**, and the motion is **DENIED**. And, inasmuch as the record decisively demonstrates, Walker has failed to show he is entitled to any relief, his request for a hearing is also **DENIED**. *See Yearwood*, 863 F.2d at 7 ("A hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows . . . petitioner is entitled to no relief."). Additionally, Walker's motion to expedite is necessarily **RENDERED AS MOOT**.

Finally, to the extent Walker moves for a certificate of appealability, that request is **DENIED**, too.

11

**IT IS SO ORDERED**.

Signed this 30th day of March 2026, in Columbia, South Carolina

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

## NOTICE OF RIGHT TO APPEAL

Walker is hereby notified of the right to appeal this Order within sixty days from the date

hereof, as per Rules 3 and 4 of the Federal Rules of Appellate Procedure.